# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-three.

PRESENT:
> **MICHAEL H. PARK,**
> **EUNICE C. LEE,**
> > ***Circuit Judges***,
> **SIDNEY H. STEIN,**
> > ***District Judge.****

_____

United States of America,

> ***Appellee***,

> **v.**         **21-2859**

Donald Blakstad,

> ***Defendant-Appellant.***†

_____

---

\* Judge Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR APPELLEE:**    JARED LENOW (Hagan Scotten, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**    EUGENE G. IREDALE, Iredale & Yoo, APC, San Diego, CA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

A jury convicted Defendant-Appellant Donald Blakstad of one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371; two counts of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. §§ 240.10b-5; one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; two counts of wire fraud in violation of 18 U.S.C. § 1343; and one count of conspiracy to commit securities and wire fraud in violation of 18 U.S.C. § 371. The underlying factual allegations included both an insider-trading scheme and, as primarily relevant to this appeal, a scheme to solicit and then misappropriate investments in Midcontinental Petroleum, Inc., which Blakstad controlled.

On appeal, Blakstad seeks reversal of two counts related to the Midcontinental scheme: the conspiracy to commit wire and securities fraud count ("Count Six") and the substantive wire fraud count ("Count Seven"). Blakstad alleges five defects in the proceedings below: (1) Counts Six and Seven of the operative indictment failed to state an offense; (2) the government constructively amended or varied from the indictment regarding Counts Six and Seven; (3) the district court

improperly allowed an expert witness, Paul Hinton, to testify as a summary witness; (4) the government elicited perjured testimony from Hinton; and (5) Blakstad was entitled to a jury determination as to forfeiture. We assume the parties' familiarity with the facts, the procedural posture, and the issues on appeal.

**I.      Sufficiency of the Indictment**

Following trial, Blakstad moved to dismiss Counts Six and Seven of the second superseding indictment ("S2 Indictment"), arguing that the counts, which related to the Midcontinental scheme, failed to state offenses. The district court denied the motion as both untimely and without merit.

Federal Rule of Criminal Procedure 12(b)(3) requires "a defect in the indictment or information" to "be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense . . . if the party shows good cause." Fed. R. Crim. P. 12(c)(3). We "review for an abuse of discretion the [district] court's decision not to forgive . . . delinquency." *United States v. Forrester*, 60 F.3d 52, 59 (2d Cir. 1995).

The district court did not abuse its discretion in holding that Blakstad's post-trial motion was untimely. As the district court explained, Blakstad "did, in fact, file a pre-trial motion to dismiss" the counts at issue, but on different grounds from his post-trial motion. *United States v. Blakstad*, No. 19-CR-486, 2021 WL 5233417, at *14 (S.D.N.Y. Nov. 9, 2021). Thus, Blakstad could have raised his post-trial arguments in his timely pre-trial motion, but failed to do so. Blakstad's counsel may have been hasty in making the pre-trial motion due to the time pressure of

an impending trial, but the "inadvertence of one's attorney" is "insufficient to establish 'cause.'" *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003). The district court thus did not abuse its discretion. *Cf. United States v. Conners*, 816 F. App'x 515, 518 (2d Cir. 2020) (summary order) (holding that a defendant who moved to suppress evidence on some grounds pre-trial could not show good cause for failing to raise additional grounds until a post-trial motion); *United States v. Hester*, 674 F. App'x 31, 36 (2d Cir. 2016) (summary order) (same).

**II. Constructive Amendment**

Blakstad moved for a new trial on the basis that the government constructively amended or varied from the S2 Indictment at trial. The district court denied the motion. Blakstad renews this argument on appeal, claiming that the underlying theory of criminality alleged in the S2 Indictment differed from that relied on by the government in its closing argument. According to Blakstad, whereas the S2 Indictment relied on a theory that Blakstad misappropriated funds, the government's closing argument relied on a theory that Blakstad lied to investors. We review claims of constructive amendment and variance *de novo*. *See United States v. Dove*, 884 F.3d 138, 146, 149 (2d Cir. 2018).

"A constructive amendment occurs when the charge upon which the defendant is tried differs significantly from the charge upon which the grand jury voted." *United States v. Khalupsky*, 5 F.4th 279, 293 (2d Cir. 2021) (citation omitted). "A defendant claiming constructive amendment must demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *Id.* (citations and internal quotation marks omitted). The government has "significant flexibility in

4

proof, provided that the defendant was given notice of the core of criminality," which is "the essence of a crime," rather than "the particulars of how a defendant effected the crime." *Id.* (citations omitted). Meanwhile, a "variance occurs when the charging terms of the indictment are left unaltered, but the evidence at trial proves facts materially different from those alleged in the indictment." *Dove*, 884 F.3d at 149 (internal quotation marks omitted).

We affirm for the reasons stated by the district court. *See Blakstad*, 2021 WL 5233417, at *7-9. "Blakstad has not established that the presentation of evidence and jury instructions related to his misrepresentations to investors regarding Midcontinental and their investments so modified essential elements of the offense charged that there is a substantial likelihood that Blakstad may have been convicted of an offense other than that charged in the S2 Indictment." *Id.* at *8 (cleaned up). The S2 Indictment charged that Blakstad "caused investors to invest money through materially false representations" *and* that Blakstad "subsequently misappropriated a substantial portion of investor funds for his own use." *Id.* at *1. The indictment's charge that Blakstad made materially false representations is plainly consistent with the government's closing argument that, so long as Blakstad misled investors, he committed fraud. Blakstad's alternative argument that he suffered a prejudicial variance also fails "because the evidence offered at trial did not prove facts materially different from those alleged in the S2 Indictment." *Id.* at *9.

**III.    Summary Testimony**

The district court admitted testimony from a government witness, Paul Hinton, as summary testimony over Blakstad's objection that the testimony should have been classified instead as expert testimony. Following his conviction, Blakstad moved for a new trial on the basis that this evidentiary ruling was erroneous and thereby deprived Blakstad of required pretrial disclosures of

5

expert testimony under Federal Rule of Criminal Procedure 16(a)(1)(G). We review both the district court's admission of Hinton's testimony as summary and its denial of the motion for a new trial for abuse of discretion. *See United States v. Lebedev*, 932 F.3d 40, 49 (2d Cir. 2019) (summary testimony); *United States v. Rigas*, 490 F.3d 208, 225 (2d Cir. 2007) (new trial).

"[E]xpert witnesses provide opinions" that require "scientific, technical, or other specialized knowledge," while "summary witnesses may testify using a summary, chart, or calculation to prove the content of voluminous writings . . . that cannot conveniently be examined in court." *Lebedev*, 932 F.3d at 50 (internal quotation marks omitted). "Hinton testified about the results of the 'last in, first out' ["LIFO"] tracing methodology, which involved an analysis of voluminous records to determine the flow of money moving into and out of Blakstad's accounts." *Blakstad*, 2021 WL 5233417, at *5.

We affirm because Hinton's testimony was materially identical to the testimony the Court approved in *Lebedev*. In that case, the government presented testimony from "an accountant and litigation consultant" who "was not identified before trial as an expert witness," but instead "as a witness who would summarize various financial records." *Id.* at 50. The witness "based his testimony on . . . 'first-in-first-out,'" and "testified that FIFO [first-in-first-out] was only one of several methods he could have used, but the government instructed him to use it." *Id.* "Once the court clarified to the jury that [the witness] was not endorsing the FIFO methodology, it was within its discretion to conclude that [the witness's] application of the method was not an expert opinion but rather merely a summary of the relevant financial records." *Id.*

Likewise, in this case, Hinton explained to the jury that he specialized in "financial and economic analysis" and was "instructed in this case to [apply] the LIFO method," which involves

6

"no discretion," to "financial records . . . provided by the prosecution," and that he could have applied "other methods" instead but did not.  Tr. at 999-1000, 1017.  So as in *Lebedev*, Hinton merely applied the methodology selected by the government and did not present expert testimony endorsing the LIFO methodology.  Consistent with *Lebedev*, the district court's decision to admit Hinton's testimony as summary evidence was not an abuse of discretion, nor was its denial of a new trial on that basis.

**IV.     Summary Witness Perjury**

Blakstad's motion for a new trial argued that "the prosecution . . . elected to present, through Hinton, testimony it knew to be false," specifically, that Matt Tucci was an investor in Midcontinental rather than a personal lender to Blakstad.  Joint App'x at 121.  The district court denied the motion.  To establish his entitlement to a new trial on the ground that a witness committed perjury, Blakstad must show that "(i) the witness actually committed perjury; (ii) the alleged perjury was material; (iii) the government knew or should have known of the perjury at the time of trial; and (iv) the perjured testimony remained undisclosed during trial."  *United States v. Kirk Tang Yuk*, 885 F.3d 57, 89 (2d Cir. 2018).[3]

We affirm because "when testimonial inconsistencies are revealed on cross-examination, the jury is entitled to weigh the evidence and decide the credibility issues for itself."  *United States v. Josephberg*, 562 F.3d 478, 494 (2d Cir. 2009) (citation, internal quotation marks, and alterations

---

[3] In certain cases, the Court has employed a variant of this test using only the second and third factors.  *See United States v. Ferguson*, 676 F.3d 260, 282-83 (2d Cir. 2011).  In this case, the distinction is not material.   The Court affirms on the basis that the alleged perjury was disclosed at trial and extensively argued by Blakstad, which shows that the perjury, if any, was immaterial, failing even the two-factor test. *See United States v. Alston*, 899 F.3d 135, 146-47 (2d Cir. 2018).

omitted). As the district court explained, "all of the essential facts concerning Tucci's investment were placed before the jury," and "defense counsel cross-examined Hinton and argued in summation as to the [alleged] mischaracterization of Tucci as an investor." *Blakstad*, 2021 WL 5233417, at *7. In light of the exposure of the issue to the jury, we need not reach the remaining factors.[4]

**V.      Forfeiture**

Finally, Blakstad argues that he was entitled to a jury determination on the calculation of forfeiture, but he correctly concedes that his position is contrary to circuit precedent. *See United States v. Fruchter*, 411 F.3d 377, 378-79 (2d Cir. 2005).

We have considered all of Blakstad's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Blakstad argues for the first time in his reply brief that "Hinton's testimony [regarding Tucci] was violative of the hearsay rule" and the Confrontation Clause. Reply Br. at 23. We reject these arguments because "[i]ssues raised for the first time in a reply brief are generally deemed waived." *Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010).